# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **JAMIE TAYLOR,** | )<br>) |
| Plaintiff, | ) **Civil Action No.**<br>) |
| v. | ) **Jury Trial Demanded**<br>) |
| **THE CBE GROUP, INC.,** | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

JAMIE TAYLOR ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against THE CBE GROUP, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

1

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.  Plaintiff is a natural person residing in Clarksville, Tennessee 37042.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.  Defendant is a corporation specializing in debt collection with its principal place of business located at 1309 Technology Parkway, Cedar Falls, Iowa 50613-6976.

9.  Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

13. The alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

14. Beginning in or around October 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged

debt.

15. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (888) 499-4956. The undersigned has confirmed that this number belongs to Defendant.

16. Defendant's collectors called Plaintiff on average one to three times a day.

17. Specifically, Defendant called Plaintiff's cellular telephone: two times on October 7, 2014; two times on October 8, 2014; one time on October 9, 2014; one time on October 10, 2014; one time on October 11, 2014; one time on October 13, 2014; one time on October 14, 2014; two times on October 15, 2014; one time on October 16, 2014; one time on October 17, 2014; two times on October 18, 2014; three times on October 20, 2014; and, one time on October 21, 2014.

18. Plaintiff has answered many of Defendant's calls however each time—once the call is answered—Defendant's collectors immediately disconnected the call.

19. Moreover, Defendant's collectors have failed to leave any messages or otherwise advise Plaintiff of the purpose of their calls. Instead, Defendant's collectors merely harassed Plaintiff with continuous calls to his cellular telephone without indicating its purpose.

20. Plaintiff has received no notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21. Defendant's actions, as described herein, were taken with the intent to harass, upset and coerce payment from Plaintiff for an alleged debt that he does not owe.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's cellular telephone.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated §1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone with the intent to annoy, abuse, or harass Plaintiff.

## COUNT III
### DEFENDANT VIOLATED § 1692f OF THE FDCPA

26. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant violated § 1692f when it harassed Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

28. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JAMIE TAYLOR, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMIE TAYLOR, demands a jury trial in this case.

Respectfully submitted,

DATED: January 23, 2015

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff, Esq.
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
215-540-8888
abennecoff@creditlaw.com
Attorney for Plaintiff